# UNITED STATES COURT OF APPEALS

## FOR THE FIFTH CIRCUIT

No. 97-40485
Summary Calendar

In the Matter of:  CLAMONT ENERGY CORPORATION, INC.,

Debtor

LEO ROGERS DUGAS,

Appellant,

versus

CLAMONT ENERGY CORPORATION, INC.;
CLARON CORPORATION, INC.,

Appellees.

Appeal from the United States District Court
For the Eastern District of Texas
(1:96-CV-478)

October 28, 1997

Before POLITZ, Chief Judge, JOLLY and STEWART, Circuit Judges.

PER CURIAM:[*]

Leo Roger Dugas, proceeding *pro se*, appeals the district court's denial of his

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

motion to alter and amend judgment made pursuant to Federal Rule of Civil Procedure 60(b), and his motion for findings of facts and conclusions of law under Rule 52(b). On April 16, 1996 the bankruptcy court orally announced that this proceeding would be remanded to state court. On May 9, 1996 Dugas moved for reconsideration five days before the court signed a written order on remand. The bankruptcy court denied that motion on June 11, 1996 and Dugas appealed that order 17 days later, on June 28, 1996. On September 26, 1996 the district court dismissed Dugas' appeal for failure to file a timely notice of appeal. Dugas timely appealed to this court.[1] On December 20, 1996 Dugas filed a Rule 60(b) motion asking the district court to alter or amend its September 26 order. On February 26, 1997 the district court denied that motion. On March 5, 1997 Dugas moved for findings of facts and conclusions of law pursuant to Rule 52(b); that motion was denied on March 31, 1997. Dugas timely appealed to this court.

As footnoted, we have this date determined that the district court appropriately dismissed Dugas' appeal for lack of jurisdiction. We now conclude that the district court did not err or abuse its discretion in denying the subsequent motions because they also are precluded from review by the district court for

---

[1] In a ruling today we have concluded that the district court did not err in dismissing Dugas' claim for failure of jurisdiction. **Dugas v. Clamont Energy Corp.**, No. 97-40484.

failure of jurisdiction.[2]

The rulings appealed are AFFIRMED.

---

[2] The failure to file a notice of appeal within 10 days after entry of judgment by the bankruptcy court deprives the district court of jurisdiction to consider the appeal. Bankruptcy Rule 8002(b)(2).